

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,782-01

### EX PARTE GUADALUPE CALDERON III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11-CR-2664-G IN THE 319TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Calderon v. State*, No. 13-11-00603-CR (Tex. App.—Corpus Christi Aug. 16, 2012) (not designated for publication).

In a single ground, Applicant contends that his appellate counsel failed to advise him of his right to file a *pro se* petition for discretionary review (PDR).

The trial court made findings of fact and conclusions of law and recommended that we deny

relief. The trial court found, among other things, that Applicant would have had "little likelihood of prevailing on the merits in a PDR anyway." In determining whether an applicant was denied his right to file a *pro se* PDR, we have not held that whether he would have prevailed on the merits in his PDR is part of the analysis. The question, rather, is whether he was deprived of his right to participate in the proceeding. *Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005).

We believe that the record is not adequate to resolve Applicant's claim. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order appellate counsel to respond again to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact as to whether appellate counsel complied with Rule of Appellate Procedure 48.4 and whether the letter Applicant included with his application is credible. After making these findings, the trial court shall determine whether appellate counsel failed to timely advise Applicant of his right to file a *pro se* PDR. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 19, 2016
Do not publish